UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD BOYER, | Case No.: 2:20-cv-02269-APG-VCF |
| Plaintiff | **Order** |
| v. | |
| BRIAN E. WILLIAMS, SR., et al., | |
| Defendants | |

Plaintiff Donald Boyer is in the custody of the Nevada Department of Corrections (NDOC). He has filed an amended civil rights complaint under 42 U.S.C. § 1983. ECF No. 9. I now screen Boyer's First Amended Complaint (FAC).

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF FIRST AMENDED COMPLAINT

Boyer brings three claims against multiple defendants for events that allegedly took place while he was incarcerated at High Desert State Prison (HDSP). ECF No. 9 at 1. He sues the State of Nevada,[1] Brian E. Williams, Sr., Calvin Johnson, Ennis-Wright, Prentice, Dr. Garafulo, Christy Rodriguez, Cal Johnson, G. Piccinini, Darla Foyle, and S. Moyle. *Id*. **Claim 1**

---

[1] I dismiss with prejudice all claims against the State of Nevada as amendment would be futile. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons subject to suit for purposes of § 1983).

In Boyer's original complaint, he alleged he was denied his Fourteenth Amendment right to due process in connection with his denial of parole. ECF No. 1 at 6-9. I dismissed that claim with prejudice. ECF No. 6 at 4. I explained[2] that allegations that a defendant violated state or local law, procedures, and regulations are not sufficient to state a claim for violation of the Fourteenth Amendment's Due Process Clause. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). I further explained that, in order to state a Fourteenth Amendment due process claim, Boyer must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Id.* at 219. When there is such a liberty interest or property interest, the only other issue is whether the plaintiff was deprived of that interest without the constitutionally required procedures. *Id.* I informed[3] Boyer that in Nevada state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009); *see also* Nev. Rev. Stat. § 213.10705 (stating that "[t]he Legislature finds and declares that the release or continuation of a person on parole or probation is an act of grace of the State. No person has a right to parole or probation . . . and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees"). I then concluded that, because Boyer did not have a liberty interest in parole, he

---

[2] ECF No. 6 at 4.
[3] *Id.* at 4-5.

could not state a colorable due process claim, so I dismissed the claim with prejudice.[4] When a claim is dismissed with prejudice, the plaintiff may not further pursue that claim in the case.

Nevertheless, Boyer has asserted substantially the same due process claim in this First Amended Complaint.[5] ECF No. 9 at 7-20.

Boyer seems to be claiming that he has a "liberty interest" in a "fair and impartial hearing" with respect to his parole hearing, including "having correct and factual information" used at the parole hearing. ECF No. 9 at 6, 10, 13, 20. Boyer appears to be confusing a "liberty interest" with procedural protections. Procedural protections do not constitute a liberty interest. Although it may be that in some circumstances a person has a Fourteenth Amendment right not to be deprived of a liberty interest without the procedural protections of an impartial hearing, as I have explained, in order to state a due process claim there first must be a liberty interest. An error of state law, even if it is a procedural law, does <u>not</u> constitute a liberty interest, and a failure to follow state and local procedures or obligations is not sufficient to constitute a violation of the Fourteenth Amendment right to due process.[6] *Swarthout*, 562 U.S. at 221-22. Boyer does not have a liberty interest in parole or eligibility for parole and therefore cannot state a due process

---

[4] *Id.* at 5.

[5] It is not clear, but Boyer may also be trying to include in Claim 1 a claim for violation of Article 10 of the Universal Declaration of Human Rights. ECF No. 9 at 6. To the extent he is attempting to bring such a claim, I dismiss that claim with prejudice and Boyer therefore may <u>not</u> pursue this claim in this case. The Universal Declaration of Human Rights is a statement of principles and does not impose legal obligations or provide a private right of action in civil suits. *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004); *Muhammad v. Sisto*, No. 2:09-CV-0582 KJN P, 2010 WL 4322993, at *3 (E.D. Cal. Oct. 25, 2010) (holding that plaintiff could not pursue a 1983 claim for violation of the Universal Declaration of Human Rights); *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009) (holding that the Universal Declaration of Human Rights provides no private right of action).

[6] In addition, as discussed above, a violation of state law is not a violation of § 1983.

claim.[7]  The due process claims are dismissed with prejudice and Boyer may not pursue them in this case.  Boyer's frustration is understandable.  But if he wishes to pursue claims for violation of state law, he may not do so in a § 1983 claim for violation of the Fourteenth Amendment's Due Process Clause.

### A.  Claim 2

Claim 2 "selectively incorporates" other allegations in the FAC. ECF No. 9 at 21.  Boyer alleges that, in 2015, he was convicted by a jury of six counts of sexual assault and the judge sentenced him to six counts of 25 years-to-life to run concurrently and issued a judgment of conviction. *Id.* at 6.   The Supreme Court of Nevada affirmed, and Boyer filed a petition for a writ of habeas corpus. *Id.*  Boyer, the prosecutor, and the trial judge then reached an agreement to "negotiate" the case post-trial.[8] *Id.* at 7.  As a result, in 2018 there was a guilty plea agreement "releasing" Boyer of the six sexual assault counts and accepting one count of lewdness with a minor under the age of 16 and one count of perjury. *Id.*  The judge then stated that the previous convictions were vacated and asked the prosecutor to prepare an order vacating the previous judgment of conviction. *Id.* at 7-8.  Boyer then withdrew his habeas petition. *Id*.  On July 2, 2018, a new judgment of conviction was entered for one count of lewdness with a child under the

---

[7] To the extent Boyer alleges that he has a liberty interest in the accuracy of his prison records, he is incorrect.  Prisoners do not have a federal liberty or property interest in the documents contained in their prison files. *Perrotte v. Salazar*, No. ED CV 08-00123-JHN, 2011 WL 2650011, at *7–8 (C.D. Cal. Mar. 28, 2011), *report and recommendation adopted*, No. ED CV 08-00123-JHN, 2011 WL 2650186 (C.D. Cal. June 29, 2011); *cf. Paul v. Davis*, 424 U.S. 693, 711–12, 96 S. Ct. 1155, 1165–66, 47 L. Ed. 2d 405 (1976) (recognizing that inaccuracy of records compiled or maintained by the government is not, standing alone, sufficient to state a due process claim or require procedural protections under the Due Process Clause).  Thus, the inaccuracy of prison records is not sufficient to state a colorable due process claim. *Slaughter v. Cate*, No. 12-CV-03872-VC, 2014 WL 5474025, at *5–6 (N.D. Cal. Oct. 28, 2014).

[8] It appears that Boyer was in NDOC custody at the time, serving time for the assault convictions.

age of 16 and one count of perjury, with an aggregate sentence of 60-168 months. *Id.* at 9. However, a written order to vacate the original convictions had not been drawn up "nor instrumented to the prison." *Id.* at 14.

In May of 2019, Ennis-Wright prepared a Parole Progress Report as required by an NDOC administrative regulation. *Id.* at 9. She apparently used the original judgment of conviction. *Id.* Ennis-Wright had a statutory obligation to report Boyer's offenses correctly. *Id.* at 10. Boyer asked why the report going to the parole board still showed a sexual assault conviction as that conviction was ordered vacated and should no longer exist in NOTIS. *Id.* at 10. Ennis-Wright claimed that "it is as close as it comes in the computer." *Id.* Boyer argued that the prison should be in possession of an order to vacate but Ennis-Wright said that the assault conviction "will still need to show" and ordered Boyer "to sign paperwork to take it to the parole board." *Id.*

A parole hearing was held on August 19, 2019. *Id.* The Parole Board Chairman asked Boyer if he was there for the "35 to life" and Boyer said "no." *Id.* The Chairman asked if it was Boyer's signature on the report, and Boyer said he had the judgment of conviction. *Id.* Schwartzer[9] gave the Chairman a copy of the judgment of conviction. *Id.* The Chairman said that this was "besides the point, the 35-to-life is what we are here for today." *Id.* Boyer appears to allege that the parole board could not grant him parole on a category A sexual assault offense for assault with a minor because he had not yet served enough time, but he alleges that he actually was convicted of a category B lewdness offense. *Id.* at 12-13. Although it is not entirely clear, Boyer may also be alleging that, due to the erroneous information about Boyer's

---

[9] It appears that Schwartzer was representing Boyer in his criminal case for the new judgement and at the parole hearing.

controlling conviction, the risk assessment prepared by the psychologist determined that Boyer was a moderate risk to reoffend rather than a low risk to reoffend. *Id.* at 12.

Boyer was denied parole.[10] His attorney then contacted the prosecutor to draw up the order to vacate, which was signed by the judge on September 12, 2019. *Id.* at 14. Boyer asserts that, even though the written order to vacate had not previously been entered, the mere mention of such a document should have triggered suspicion by Ennis-Wright, especially when Boyer produced a dissimilar judgement of conviction compared to what the system showed. *Id.* at 14.

Boyer alleges that his case is "incredibly different" than the overwhelming majority of criminal cases in that he prevailed in his case after the direct appeal but before the conclusion of his petition for a writ of habeas corpus, showing that his case is a "judicial oddity" in that the case was negotiated after a jury found him guilty but further investigation proved conclusively that he was innocent of sexual assault and there was no need to waste further court resources. *Id.* at 22. Boyer also alleges that the "extreme rareness of his case" is shown by an e-mail from Schwartzer saying that neither Schwartzer nor the prosecutor are sure what the written order to vacate should look like because "cases are never resolved this way." *Id.* at 22-23, 96. "Cases in Nevada do not get brought to completion in any manner like Boyer's case." *Id.* at 23. Boyer maintains that, when he showed Ennis-Wright his second judgment of conviction and told her that the judge had ordered by stipulation that his previous adjudication be vacated, Ennis-Wright should have made an effort to learn why there was conflicting information being presented to her. *Id.* at 23-24. He further asserts that she was required by law as stated in an administrative regulation to be accurate in the information she presents in the Parole Progress Report, giving her

---

[10] The August 22, 2019 original order denying parole listed his offense as sexual assault with a victim under 16, while an amended order denying parole identified his offense as lewdness with a minor. *Id.* at 92, 151.

"zero movement" involving discretionary decisionmaking and showing that she had an obligation to protect Boyer in the "fulfillment" of the report prior to his signature or moving it to the parole board hearing. *Id.* at 24. Boyer concludes that "Ennis-Wright intentionally treats Boyer differently, than all others, who in like fashion go before the parole board on their correct convictions, that proceed fairly and impartially, free from defect. But hinders Boyer's access to his 'liberty interest' of a fair and impartial hearing." *Id.* Boyer also concludes that "there is no rational basis for Ennis-Wright to criminally neglect"[11] a Nevada statute that required her to correct his charges in NOTIS before completing the progress report and "forcing Boyer to sign it." *Id.* at 25.

Based on these allegations, Boyer concludes that his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution was violated.[12] *Id.* at 9.

Boyer is pursuing a "class of one" equal protection claim. In *Olech*, the Supreme Court explicitly addressed "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Supreme Court ruled in the affirmative and recognized that equal protection claims may be brought by a class of one where the plaintiff alleges that a defendant intentionally has treated the plaintiff differently from how that defendant has treated others similarly situated, and that there is no rational basis for the difference in

---

[11] Neglect is not a violation of the Fourteenth Amendment right to equal protection. Further, as I previously told Boyer, if he wishes to pursue civil tort claims for neglect, he must do so in state court. ECF No. 6 at 11-12. In addition, to the extent Boyer again alleges in Claim 2 that he was denied his Fourteenth Amendment right to due process (*see* ECF No. 9 at 25), he fails to state a colorable due process claim and cannot do so. Any such due process claim is dismissed <u>with prejudice</u>.

[12] Boyer also alleges that the "State of Nevada Constitutional Counterparts" were violated. ECF No. 9 at 21. The state law claim is addressed below.

9

treatment. *Id.*; *see also Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 601 (2008) (recognizing that an equal protection claim may be maintained in some circumstances even if the plaintiff does not allege class-based discrimination, "but instead claims that she has been irrationally singled out as a so-called 'class of one'"). Thus, a class of one plaintiff must show that the defendant *intentionally* directed the discriminatory treatment just at him. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Although the Supreme Court has acknowledged the class of one theory of equal protection, it has held that the theory applies only in limited circumstances; it does not apply when the state actions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist*, 553 U.S. at 603 (holding that the class-of-one theory does not apply in the public employment context); *see also Towery v. Brewer*, 672 F.3d 650, 660–61 (9th Cir. 2012). "[A]llowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such officials are entrusted to exercise." *Engquist*, 553 U.S. at 604 (recognizing that a traffic officer does not violate the Equal Protection Clause merely because the officer gives tickets to only some speeding drivers). The Supreme Court has recognized that the problem with allowing class of one claims to go forward in a context where government officials are necessarily making subjective, individualized decisions is that the government will be forced to defend a multitude of such claims and courts will be obliged to go through them in search of the rare needle in a haystack. *Id.*, at 608-09.

A person cannot state an equal protection claim merely by dividing all persons not injured into one class and alleging that they received better treatment than the Boyer did. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). The Fourteenth

Amendment's Equal Protection Clause does not require that states treat all persons within their borders identically. *See McGowan v. Maryland,* 366 U.S. 420, 425 (1961).

To state a "class of one" equal protection claim, the plaintiff must identify the group of individuals with whom he is similarly situated, identify the allegedly intentional and disparate treatment, and allege that there was no rational basis for the different treatment. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011); *Chappell v. Bess*, No. 2:01-CV-01979 KJN P, 2012 WL 3276984, at *19–21 (E.D. Cal. Aug. 9, 2012). "Similarly situated" persons are those "who are in all relevant respects alike." *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992). Conclusory allegations of discriminatory motive are insufficient; specific, non-conclusory factual allegations are required. *Jeffers v. Gomez*, 267 F.3d 895, 913-14 (9th Cir. 2001).

Even assuming that the class of one theory could apply in a context involving the individualized preparation of a parole report, Boyer fails to state a colorable claim. When I dismissed the Fourteenth Amendment equal protection claim that Boyer included in his original complaint, I gave him leave to amend that claim and specifically told him that, if he chose to amend this claim, he must identify who was similarly situated to him in that they were in all relevant respects alike, and he must allege true <u>facts</u> sufficient to show that Ennis-Wright deliberately singled out Boyer and <u>intentionally</u> treated him differently from how Ennis-Wright treated other similarly situated inmates. ECF No. 6 at 9. I explained this necessarily meant that Boyer must allege facts sufficient to show how Ennis-Wright treated similarly situated inmates and that conclusory allegations that Ennis-Wright treated Boyer differently from similarly situated inmates would not be sufficient. *Id.* I also told Boyer that, to the extent he was alleging that his right to equal protection was violated merely because Ennis-Wright did not comply with

prison policy or did not correct an error, he did not and could not state a colorable equal protection claim. *Id.* at 6.

Boyer appears to be alleging that his case is unique and that no one else has their case resolved by having a previous conviction vacated without a court order on appeal or through a habeas petition and without a written order vacating the original judgment, resulting in prison officials having incorrect or incomplete documentation concerning the nature of the conviction. He therefore alleges facts indicating that there is not anyone else similarly situated to him in all relevant respects.  As a result, he does not allege facts sufficient to show that Ennis-Wright treated him differently from how she treated someone else similarly situated to him.  He therefore also does not allege facts sufficient to show that she *intentionally* treated him differently from others who are similarly situated.  In fact, Boyer asserts that Ennis-Wright was *negligent*, and negligence is not a violation of equal protection.  The mere fact that all prisoners going to the parole board have parole reports prepared is not sufficient to make those prisoners similarly situated in all relevant respects.  And the mere allegation that Ennis-Wright prepared an inaccurate report for Boyer is not sufficient to allege that she deliberately singled him out for different treatment from similarly situated prisoners.  Boyer alleges that Ennis-Wright had a legal obligation to present correct information to the parole board in her report.  But, even if that is true, the alleged failure to comply with such an obligation is not sufficient to state a colorable equal protection claim.

I therefore dismiss the Fourteenth Amendment equal protection claim <u>with prejudice</u>, as amendment would be futile.  Boyer may <u>not</u> pursue this claim.

/ / / /

/ / / /

### B. Claim 3

In his original complaint, Boyer asserted an Eighth Amendment claim. ECF No. 1-1 at 12-13. In the screening order on that complaint, I dismissed that claim <u>with prejudice</u>. ECF No. 6 at 5. Nevertheless, in Claim 3 of the FAC, Boyer once again brings substantially the same Eighth Amendment claim.[13] ECF No. 9 at 26. For the same reasons discussed in the original screening order and discussed above in connection with the Fourteenth Amendment due process claim, Boyer does not allege facts sufficient to show a liberty interest in connection with parole and parole eligibility.[14] As previously explained,[15] Boyer therefore does not state a colorable Eighth Amendment claim. The Eighth Amendment claims are dismissed <u>with prejudice</u> and Boyer may <u>not</u> pursue them.[16] Although Boyer's frustration is certainly understandable, his

---

[13] Boyer also alleges that his rights under "State of Nevada constitutional counterparts" were violated. ECF No. 9 at 26. The state law issue is discussed below.

[14] To the extent Boyer is suggesting that he has a liberty interest in the grievance process because of state law establishing procedures and time periods for responding to grievances, he is incorrect. Prisoners have no due process rights to the handling of grievances in any particular manner. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) (holding that a state's policies establishing a grievance procedure do not create a constitutionally protected liberty interest); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (recognizing that there is no liberty interest in the processing of grievance appeals because prisoners are not entitled to a specific grievance process); *Taek Sang Yoon v. Arnett*, 385 F. App'x 666, 668 (9th Cir. 2010) (rejecting due process claim based on failure to respond to grievance); *LeBlanc v. Tabak*, No. CV1603270JLSAFM, 2016 WL 6102327, at *6 (C.D. Cal. Oct. 18, 2016) (holding that a plaintiff cannot state a colorable claim based on a defendant's denial of a grievance or failure to adequately investigate a grievance).

[15] ECF No. 6 at 5. I explained that, because imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's *liberty interest*. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

[16] Claim 3 also makes a reference to the Universal Declaration of Human Rights. ECF No. 9 at 26. For the reasons discussed in connection with Claim 1, Boyer may not pursue a claim in this action for violation of the Universal Declaration of Human Rights. The discussion of the Universal Declaration of Human Rights makes a vague reference to the Fifth Amendment right to be free from double jeopardy. *Id.* at 33. Boyer appears to be suggesting that the alleged error by NDOC officials in entering the nature of Boyer's conviction into NDOC records or the parole

1 persistence in pursuing claims that have been dismissed with prejudice and pursuing claims in
2 federal court for violations of state law will not assist him.

    **C. State Law Claims**

In Claims 2 and 3, Boyer concludes that his rights under "State of Nevada Constitutional counterparts" were violated. ECF No. 9 at 21, 26. Boyer does not identify what these counterparts are. Even if he did, he would not state a colorable § 1983 claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the United States Constitution or laws of the United States was violated. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although this court does not generally have original jurisdiction over state law claims involving only residents of Nevada, under some circumstances it may exercise supplemental jurisdiction over a plaintiff's state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(a). Because I am dismissing all the federal claims here, I will not exercise jurisdiction over any state law claims. I therefore dismiss all state law claims without prejudice and <u>without</u> leave to amend. Boyer must pursue any state law in state court and may not pursue these claims in this case.

---

board's consideration of the wrong conviction served to convict him a second time and he references "double jeopardy" in both Claim 2 and Claim 3. ECF No. 9 at 24, 33. However, jeopardy describes the risk that is traditionally associated with a criminal prosecution. *Breed v. Jones,* 421 U.S. 519, 528 (1975). Here, none of the defendants allegedly subjected him to a second criminal prosecution but instead allegedly failed to document or consider the correct conviction. Furthermore, even if Boyer's allegations could be construed as imposing a new conviction, any challenge in this case to that new "conviction" by the defendants would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### III. CONCLUSION

I therefore order that the operative complaint is the First Amended Complaint. ECF No. 9.

I further order that Boyer's claims for violation of the United States Constitution and the Universal Declaration of Human Rights are dismissed <u>with prejudice</u>, as amendment would be futile. Boyer may <u>not</u> pursue these claims in this action.

I further order that all the state law claims brought in the FAC based on supplemental jurisdiction are dismissed without prejudice and <u>without</u> leave to amend. Boyer may <u>not</u> pursue these claims in this action.

I further order the Clerk of Court to enter judgment accordingly and close this case. No further documents shall be filed in this closed case.

Dated: April 23, 2021

_____
U.S. District Judge